Filed 6/16/22 P. v. Gower CA4/2
*See Dissenting Opinion*

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | E078303 |
| v. | (Super.Ct.No. BPR2101377) |
| ROBERT GOWER, | OPINION |
|     Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Sylwia Luttrell, Temporary Judge. (Pursuant to Cal. Const., art. VI, § 21.) Affirmed.

Robert L. Hernandez, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

## INTRODUCTION

A trial court found defendant and appellant Robert Gower in violation of the terms of his parole. Defendant filed a timely appeal. We affirm.

## PROCEDURAL BACKGROUND

Defendant was convicted of a violation of Penal Code section 290.018(b) (failure to register). He was released on parole after serving one year nine months of a two-year eight-month sentence. On July 20, 2020, he was given a document entitled Special Conditions of Parole, which he signed in the presence of his parole agent, Agent Q. One of the conditions required defendant to have continuous Global Positioning System (GPS) monitoring. Another condition provided, "You shall charge the GPS device at least two times per day (every 12 hours) for at least one full hour each charging time. You shall contact your parole agent immediately if and when the device vibrates and/or makes and audible tone."

A petition for revocation of parole was filed on November 29, 2021, alleging that defendant failed to keep his GPS unit charged.

A parole revocation hearing was held on December 28, 2021. Defendant's parole agent, Agent Q., testified that defendant was required to keep his GPS monitor charged. However, the GPS monitoring center reported that on November 21, 2021, defendant's GPS device was no longer transmitting because it had a dead battery. Defendant had only charged it for 17 minutes that day. Agent Q. attempted to reach defendant that day but was unable to. He was eventually located on November 23, 2021, at his last known location. Defendant had his GPS unit on and was arrested. Agent Q. retrieved

2

defendant's GPS unit, connected it to a charger, and verified that it was charging and operable. Agent Q. was asked if defendant had ever had "this similar dead-battery issue before." Agent Q. stated, "[H]is parole has been violated multiple times. One for disabling GPS tracking device, and the last three for absconding parole supervision."

The court noted the evidence was undisputed that defendant signed terms of his parole where he promised to charge his GPS unit for one hour in the morning and one hour in the evening, and he failed to do so. It further noted that Agent Q. verified the GPS unit was working. The court then found defendant in violation of his parole.

## DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and the following potential arguable issue: whether the probation violation was supported by substantial evidence.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____

J.

I concur:

MILLER _____

Acting P. J.

4

[*People v. Gower*, E078303]

Slough, J., Dissenting.

It remains my view that we should dismiss as abandoned Anders/Wende[1] appeals of postjudgment orders when counsel identifies no issues and the defendant declines to file a personal supplemental brief, as was the case here. (E.g., *People v. Cole* (2020) 52 Cal.App.5th 1023, 1038-1040; *People v. Scott* (2020) 58 Cal.App.5th 1127, 1131.)

SLOUGH

J.

---

[1] *Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.

1